IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

John Douglas Rayburn, II,

        Plaintiff,

vs.

Apogee Enterprises, Inc., ABC Insurance Company, Apogee Wausau Group, Inc., DEF Insurance Company, ABC Corporation, and HIJ Insurance Company,

        Defendants.

CASE NO.  3:23-CV-00744

---

**AMENDED COMPLAINT**

---

NOW COMES Plaintiff, John Douglas Rayburn, II, and for his First Amended Complaint against Defendants Apogee Enterprises, Inc., ABC Insurance Company, Apogee Wausau Group, Inc., DEF Insurance Company, ABC Corporation, and HIJ Insurance Company, hereby states as follows:

## PARTIES

1. Plaintiff John Douglas Rayburn, II ("Mr. Rayburn"), is an adult male resident of the State of Illinois and resides at 10913 Sheridan's Trail, Orland Park, Illinois.

2. Defendant Apogee Enterprises, Inc. ("Apogee Enterprises"), is a foreign corporation that is not duly authorized to conduct business within the State of Wisconsin and has a principal place of business located 4400 West 78th Street, Suite 520, in Minneapolis, Minnesota. Apogee Enterprises does not maintain a registered agent within the State of Wisconsin and, according to the State of Minnesota's Office of the Minnesota Secretary of State, Apogee Enterprises does not maintain a registered agent within the State of Minnesota.

3. Defendant ABC Insurance Company, as the liability insurer for Apogee Enterprises, is designated by a fictitious name pursuant to Section 807.12 of the Wisconsin Statutes.

4. Defendant Apogee Wausau Group, Inc. ("AWG"), is domestic corporation that is duly authorized to conduct business within the State of Wisconsin and has a principal place of business located at 7800 International Drive, Wausau, Wisconsin. AWG's registered agent for purposes of service of process within the State of Wisconsin is National Registered Agents, Inc., 301 S. Bedford Street, Suite 1, Madison, Wisconsin.

5. Defendant DEF Insurance Company, as the liability insurer for AWG, is designated by a fictitious name pursuant to Section 807.12 of the Wisconsin Statutes.

6. Defendant ABC Corporation is designated by a fictitious name pursuant to Section 807.12 of the Wisconsin Statutes.

7. Defendant HIJ Insurance Company, as the liability insurer for ABC Corporation, is designated by a fictitious name pursuant to Section 807.12 of the Wisconsin Statutes.

## JURISDICTION AND VENUE

8. Jurisdiction is currently proper based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.[1] The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391 because it is the judicial circuit in which a substantial part of the events giving rise to the claims occurred.

## COMMON ALLEGATIONS

10. At all times material and relevant hereto, Apogee Enterprises conducted business in the State of Wisconsin under the trade name "Linetec."

_____

[1] The identities and citizenship of the following parties, to the extent they exist, are yet to be identified: ABC Insurance Company, DEF Insurance Company, HIJ Insurance Company, and ABC Corporation.

11. In the alternative, at all times material and relevant hereto, AWG conducted business in the State of Wisconsin under the trade name "Linetec."

12. In the alternative, at all times material and relevant hereto, Apogee Enterprises exercised substantial and/or day-to-day direction and control over Linetec.

13. At all times material and relevant hereto, Linetec operated an architectural coatings and finishing plant located at 7500 Stewart Avenue, Wausau, Wisconsin ("the plant"). As part of its operational processes, Linetec utilized various chemicals, including sulfuric acid.

14. At all times material and relevant hereto, Linetec was a business division of Apogee Enterprises.

15. In the alternative, at all times material and relevant hereto, Linetec was a business division of AWG.

16. At all times material and relevant hereto, AWG was a subsidiary of Apogee Enterprises.

17. On or about September 16, 2020, Linetec suffered a catastrophic fire at its plant when one of its machines caught fire.

18. Because of the September 16, 2020 fire, Linetec, AWG, and/or Apogee Enterprises submitted a first-party insurance claim for the damages caused by the fire to one or more of their insurers.

19. Linetec's, AWG's and/or Apogee Enterprises' first-party insurer retained certain experts, including Mr. Rayburn and Nicholas Traina, Ph.D., in order to conduct a cause and origin investigation into the cause of the September 16, 2020 fire.

20. On September 21, 2020, Mr. Rayburn and Dr. Traina met with certain employees of Linetec, AWG, and/or Apogee Enterprises at Linetec's plant in Wausau, Wisconsin, in order to conduct interviews, to learn about the circumstances of the fire, and to perform an initial inspection of

the Linetec plant in order to determine the next steps of the investigation into the cause of the fire.

21. During the meeting, Linetec, AWG, and/or Apogee Enterprises employees told Mr. Rayburn and Dr. Traina that the plant utilized certain chemicals, including sulfuric acid, to perform its metal finishing and coating work. Mr. Rayburn inquired what personal protective equipment (PPE) was necessary to safely access the inside of the plant. The employees of Linetec, AWG, and/or Apogee Enterprises assured Mr. Rayburn and Dr. Traina that what they were currently wearing was sufficient because Linetec had made plant conditions safe for the investigators by discharging all sulfuric acid from its plant, including its machines and associated piping, and that all chemical hazards were removed from the plant post-fire.

22. Upon information and belief, Linetec, AWG, and/or Apogee Enterprises may have hired ABC Corporation to supervise, monitor, or otherwise conduct the removal, draining, and/or cleaning of sulfuric acid and other chemicals from the anodizing line (line 3) of the Linetec plant, where the fire occurred.

23. As Mr. Rayburn and Dr. Traina conducted their origin and cause investigation into the cause of the September 16, 2020 fire near the plant's anodizing line (line 3), a standpipe broke. This standpipe was full of sulfuric acid and sprayed Mr. Rayburn, dissolving his clothes and severely burning his skin.

24. Mr. Rayburn ran from the standpipe to seek out OSHA-required emergency eyewash and shower equipment located in the plant in order to wash off the sulfuric acid. Mr. Rayburn located one and activated it. However, Linetec, AWG, and/or Apogee Enterprises disabled the OHSA-required emergency shower without warning, delaying the emergency wash. Mr. Rayburn then ran to a second OSHA-approved emergency eyewash and shower station on the other side of the Linetec plant and successfully activated it.

25. As a result of the burst of sulfuric acid sprayed on him, Mr. Rayburn was physically injured and suffered severe, disfiguring, and permanent physical, mental, and emotional injuries leading to embarrassment, pain and suffering, loss of enjoyment of life, loss of consortium and enjoyment of relationships, past medical bills, and the need for continued future care.

## FIRST CAUSE OF ACTION: NEGLIGENCE OF APOGEE ENTERPRISES, INC.

26. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

27. At all times material and relevant hereto, Apogee Enterprises was negligent by its acts and omissions leading to up to and following Mr. Rayburn's personal injuries including, but not limited to:

    a. Failing to fully and adequately discharge all chemistry, including sulfuric acid, from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    b. Failing to fully and adequately ensure that all chemistry, including sulfuric acid, was discharged from piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    c. Failing to supervise and monitor its employees and/or contractors to ensure that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    d. Failing to supervise and monitor its employees and/or contractors to ensure that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    e. Failing to inspect and verify that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

f.  Failing to warn Mr. Rayburn and Dr. Traina that all chemistry, including sulfuric acid, had not been discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

g.  Failing to provide adequate safeguards at the anodizing line (line 3) prior to the September 21, 2020 inspection;

h.  Affirmatively representing to Mr. Rayburn and Dr. Traina that all chemistry, including sulfuric acid, had been discharged from the anodizing line (line 3) prior to the September 21, 2020 inspection;

i.  Affirmatively representing to Mr. Rayburn and Dr. Traina that hazardous materials ("hazmat") equipment was unnecessary prior to the September 21, 2020 inspection because all chemistry, including sulfuric acid, had been discharged from anodizing line (line 3);

j.  Failing to keep and maintain in operable condition OSHA-required emergency eyewash and shower stations near the anodizing line (line 3) prior to the September 21, 2020 inspection;

k.  Failing to direct Mr. Rayburn to the nearest operable OSHA-required emergency eyewash and shower stations near the anodizing line (line 3) after he was attacked by sulfuric acid; and

l.  Failing to supervise, monitor, direct, and control AWG's management of the post-fire conditions at the plant to ensure worksite safety.

28.  The negligence of Apogee Enterprises was a proximate cause of Mr. Rayburn's aforementioned injuries.

**SECOND CAUSE OF ACTION: NEGLIGENCE OF APOGEE WAUSAU GROUP, INC.**

29.  Mr. Rayburn incorporates the preceding paragraphs herein by reference.

30. At all times material and relevant hereto, AWG was negligent by its acts and omissions leading to up to and following Mr. Rayburn's personal injuries including, but not limited to:

    a.  Failing to fully and adequately discharge all chemistry, including sulfuric acid, from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    b.  Failing to fully and adequately ensure that all chemistry, including sulfuric acid, was discharged from piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    c.  Failing to supervise and monitor its employees and/or contractors to ensure that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    d.  Failing to supervise and monitor its employees and/or contractors to ensure that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    e.  Failing to inspect and verify that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    f.  Failing to warn Mr. Rayburn and Dr. Traina that all chemistry, including sulfuric acid, had not been discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

    g.  Failing to provide adequate safeguards at the anodizing line (line 3) prior to the September 21, 2020 inspection;

h. Affirmatively representing to Mr. Rayburn and Dr. Traina that all chemistry, including sulfuric acid, had been discharged from the anodizing line (line 3) prior to the September 21, 2020 inspection;

i. Affirmatively representing to Mr. Rayburn and Dr. Traina that hazardous materials ("hazmat") equipment was unnecessary prior to the September 21, 2020 inspection because all chemistry, including sulfuric acid, had been discharged from anodizing line (line 3);

j. Failing to keep and maintain in operable condition OSHA-required emergency eyewash and shower stations near the anodizing line (line 3) prior to the September 21, 2020 inspection; and

k. Failing to direct Mr. Rayburn to the nearest operable OSHA-required emergency eyewash and shower stations near the anodizing line (line 3) after he was attacked by sulfuric acid.

31. The negligence of AWG was a proximate cause of Mr. Rayburn's aforementioned injuries.

## THIRD CAUSE OF ACTION: VIOLATION OF S. 101.11, WIS. STATS., BY APOGEE ENTERPRISES, INC.

32. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

33. Pursuant to Section 101.11, Wis. Stats., Apogee Enterprises had an obligation to furnish a safe place of employment for its employees and frequenters, including those hired to conduct a post-fire inspection of the anodizing line (line 3) of the plant, to furnish and use safety devices and safeguards, to adopt and use reasonably adequate methods and processes to make the workplace safe, maintain the workplace to ensure that it was safe, and to do anything else that was reasonably necessary to life, health, safety, and general welfare of its employees and frequenters, including those hired to conduct a post-fire inspection of the anodizing line (line 3) of the plant.

34. Apogee Enterprises, by its acts and omissions, failed to furnish a safe place of employment for its employees and frequenters, including those hired to conduct a post-fire inspection of the anodizing line (line 3) of the plant, failing to furnish and use safety devices and safeguards, failing to adopt and use reasonably adequate methods and processes to make the workplace safe, failing to maintain the workplace to ensure that it was safe, and failing to do anything else that was reasonably necessary to life, health, safety, and general welfare of its employees and frequenters, including those hired to conduct a post-fire inspection of the anodizing line (line 3) of the plant.

35. As a direct and proximate result of Apogee Enterprises' actions/inactions, Mr. Rayburn was seriously injured and suffered the aforementioned damages.

**FOURTH CAUSE OF ACTION: VIOLATION OF S. 101.11, WIS. STATS., BY APOGEE WAUSAU GROUP, INC.**

36. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

37. Pursuant to Section 101.11, Wis. Stats., AWG had an obligation to furnish a safe place of employment for its employees and frequenters, including those hired to conduct a post-fire inspection of the anodizing line (line 3) of the plant, to furnish and use safety devices and safeguards, to adopt and use reasonably adequate methods and processes to make the workplace safe, maintain the workplace to ensure that it was safe, and to do anything else that was reasonably necessary to life, health, safety, and general welfare of its employees and frequenters, including those hired to conduct a post-fire inspection of the anodizing line (line 3) of the plant.

38. AWG, by its acts and omissions, failed to furnish a safe place of employment for its employees and frequenters, including those hired to conduct a post-fire inspection of the anodizing line (line 3) of the plant, failing to furnish and use safety devices and safeguards, failing to adopt and use reasonably adequate methods and processes to make the workplace

safe, failing to maintain the workplace to ensure that it was safe, and failing to do anything else that was reasonably necessary to life, health, safety, and general welfare of its employees and frequenters, including those hired to conduct a post-fire inspection of the anodizing line (line 3) of the plant.

39. As a direct and proximate result of AWG's actions/inactions, Mr. Rayburn was seriously injured and suffered the aforementioned damages.

### FIFTH CAUSE OF ACTION: LIABILITY OF ABC INSURANCE COMPANY

40. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

41. At all times material and relevant hereto, ABC Insurance Company had in full force and effect one or more policies of liability insurance that provided coverage to the defendant, Apogee Enterprises, insuring it against liability for the aforementioned damages, and agreeing to pay any and all amounts which it may become legally obligated to pay for the aforementioned damages. By virtue of these policies, ABC Insurance is a proper party to this action pursuant to Section 803.04 of the Wisconsin Statutes.

42. ABC Insurance Company is directly liable to Mr. Rayburn for the damages caused by its insured, Apogee Enterprises, pursuant to Section 632.24 of the Wisconsin Statutes.

### SIXTH CAUSE OF ACTION: LIABILITY OF DEF INSURANCE COMPANY

43. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

44. At all times material and relevant hereto, DEF Insurance Company had in full force and effect one or more policies of liability insurance that provided coverage to the defendant, AWG, insuring it against liability for the aforementioned damages, and agreeing to pay any and all amounts which it may become legally obligated to pay for the aforementioned damages. By virtue of these policies, DEF Insurance is a proper party to this action pursuant to Section 803.04 of the Wisconsin Statutes.

45. DEF Insurance Company is directly liable to Mr. Rayburn for the damages caused by its

insured, AWG, pursuant to Section 632.24 of the Wisconsin Statutes.

## SEVENTH CAUSE OF ACTION: PUNITIVE DAMAGES AGAINST APOGEE ENTERPRISES, INC.

46. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

47. By the aforementioned actions and inactions, Apogee Enterprises' conduct demonstrated that

it either acted maliciously towards Mr. Rayburn, with a careless and/or intentional disregard of

Mr. Rayburn's rights, or at least was aware that its actions and inactions were substantially

certain to result in Mr. Rayburn's rights being disregarded.

48. Accordingly, Mr. Rayburn is entitled to punitive damages against Apogee Enterprises

pursuant to Wisconsin law including, but not limited to, Section 895.043, Wis. Stats.

## EIGHTH CAUSE OF ACTION: PUNITIVE DAMAGES AGAINST APOGEE WAUSAU GROUP, INC.

49. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

50. By the aforementioned actions and inactions, AWG's conduct demonstrated either that it

acted maliciously towards Mr. Rayburn, with a careless and/or intentional disregard of Mr.

Rayburn's rights, or at least was aware that its actions and inactions were substantially certain

to result in Mr. Rayburn's rights being disregarded.

51. Accordingly, Mr. Rayburn is entitled to punitive damages against AWG pursuant to

Wisconsin law including, but not limited to, Section 895.043, Wis. Stats.

## NINTH CAUSE OF ACTION: LIABILITY OF ABC CORPORATION

52. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

53. At all times material and relevant hereto, ABC Corporation was negligent by its acts and

omissions leading to up to and following Mr. Rayburn's personal injuries including, but not

limited to:

a. Failing to fully and adequately discharge all chemistry, including sulfuric acid, from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

b. Failing to fully and adequately ensure that all chemistry, including sulfuric acid, was discharged from piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

c. Failing to supervise and monitor its employees and/or contractors to ensure that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

d. Failing to supervise and monitor its employees and/or contractors to ensure that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

e. Failing to inspect and verify that all chemistry, including sulfuric acid, was discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection;

f. Failing to warn Mr. Rayburn and Dr. Traina that all chemistry, including sulfuric acid, had not been discharged from the piping related to the anodizing line (line 3) prior to the September 21, 2020 inspection; and

g. Failing to provide adequate safeguards at the anodizing line (line 3) prior to the September 21, 2020 inspection.

54. The negligence of ABC Corporation was a proximate cause of Mr. Rayburn's aforementioned injuries.

**TENTH CAUSE OF ACTION: PUNITIVE DAMAGES AGAINST ABC CORPORATION**

55. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

56. By the aforementioned actions and inactions, ABC Corporation's conduct demonstrated either that it acted maliciously towards Mr. Rayburn, with a careless and/or intentional disregard of Mr. Rayburn's rights, or at least was aware that its actions and inactions were substantially certain to result in Mr. Rayburn's rights being disregarded.

57. Accordingly, Mr. Rayburn is entitled to punitive damages against ABC Corporation pursuant to Wisconsin law including, but not limited to, Section 895.043, Wis. Stats.

**ELEVENTH CAUSE OF ACTION: LIABILITY OF HIJ INSURANCE COMPANY**

58. Mr. Rayburn incorporates the preceding paragraphs herein by reference.

59. At all times material and relevant hereto, HIJ Insurance Company had in full force and effect one or more policies of liability insurance that provided coverage to the defendant, ABC Corporation, insuring it against liability for the aforementioned damages, and agreeing to pay any and all amounts which it may become legally obligated to pay for the aforementioned damages. By virtue of these policies, HIJ Insurance is a proper party to this action pursuant to Section 803.04 of the Wisconsin Statutes.

60. HIJ Insurance Company is directly liable to Mr. Rayburn for the damages caused by its insured, ABC Corporation, pursuant to Section 632.24 of the Wisconsin Statutes.

**WHEREFORE**, for the foregoing reasons, John Douglas Rayburn, II, demands judgment and punitive damages against Defendants Apogee Enterprises, Inc., ABC Insurance Company, Apogee Wausau Group, Inc., DEF Insurance Company, ABC Corporation, and HIJ Insurance Company, in an amount to be determined at trial, pursuant to the laws of the State of Wisconsin, together with costs, disbursements, attorney fees and whatever other relief the Court deems appropriate.

Dated this 22nd day of November, 2023.

**GALANIS, POLLACK, JACOBS & JOHNSON, S.C.**

*Attorneys for Plaintiff John Douglas Rayburn, II*

_____
Christopher R. Steffe
State Bar No. 1086883

**P.O. Address:**
413 S. 2nd Street, Suite 150
Milwaukee, WI 53202
Tel.: (414) 271-5400
Fax: (414) 271-5571
Email: csteffe@gpjlaw.com