IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DOUGLAS RAYBURN, II,

                       Plaintiff,

  v.

APOGEE ENTERPRISES, INC., *et al.*,

                       Defendants.

OPINION and ORDER

23-cv-744-jdp

---

Before the court are two motions that plaintiff John Douglas Rayburn, II filed seeking to compel compliance with document subpoenas that he served on two out-of-state nonparties, Exponent, Inc. and Sedgwick Claims Management, Inc. Based on notice from plaintiff's counsel, Dkt. 51, the motions are dismissed without prejudice, but for different reasons.

ANALYSIS

Plaintiff brought this negligence suit against defendants after allegedly sustaining injuries during an inspection he was conducting at a plant in Wausau, Wisconsin. Dkt. 1-1, ¶¶ 10-16. Plaintiff originally filed suit in Marathon County, and defendants removed the complaint to this court based on diversity. Dkt. 1.

During discovery, plaintiff served document subpoenas on two nonparties—Exponent, Inc., listed as located in Menlo Park, California, Dkt. 35, and Sedgwick Claim Management Services, Inc., listed as located in Memphis, Tennessee, Dkt. 44. Both subpoenas commanded that the nonparties produce documents at a location in Milwaukee, Wisconsin. Dkt. 35 & Dkt. 44. According to plaintiff, Exponent objected to its subpoena on various grounds, Dkt.

33, ¶ 8, and Sedgwick did not respond at all, Dkt. 43, ¶ 7.  So, plaintiff filed motions with this court in Madison, Wisconsin, seeking to compel compliance.  Dkt. 32 & Dkt. 42.

As for Exponent, the motion is dismissed without prejudice to its renewal if necessary.  Plaintiff's counsel has notified the court that he has "been engaged in meaningful conversations" with Exponent's attorney and they have reached "an agreement in principle" regarding the fulfillment of the subpoena.  Dkt. 51.  The court appreciates the parties' efforts and expects them to complete the terms of their agreement.  Because it appears that the parties have resolved this issue, the court sees no need to hold the motion to enforce in abeyance pending the subpoena's fulfillment.

Plaintiff's motion to enforce its subpoena to Sedwick is also dismissed without prejudice to its renewal, so long as plaintiff can establish that this district is the proper venue to resolve this subpoena dispute.  Under Rule 45(d)(2)(B)(i), the serving party must file a motion to compel compliance with a subpoena in "the court for the district where compliance is required."

There is some dispute as to what "the district where compliance is required" means.  Some courts have concluded it refers to the place listed on the face of the subpoena as the place of compliance, even if that place does not adhere to the geographic limits set forth in Rule 45(c).  *See, e.g.*, *Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 WL 6262349, at *2 (N.D. Cal. Oct. 23, 2020) (motion to compel properly filed in district because place listed for compliance on the face of the subpoena was in district, despite not being proper place under Rule 45(c)); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) ("for purposes of a Rule 45(d)(2) or 45(d)(3) motion, the court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena").  Other courts, including ones in this Circuit, have concluded it refers to a place where the subpoenaed

2

party resides or regularly transacts business—i.e., a place respecting the geographic limits of Rule 45(c). *HI.Q, Inc. v. ZeetoGroup, LLC*, No. MC 22CV1440-LL-MDD, 2022 WL 17345784, at *7-8 (S.D. Cal. Nov. 29, 2022) (collecting cases); *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017) ("the better approach is to tie the place of compliance to the location of the subpoenaed person or entity").

The limits of Rule 45 are meant to protect nonparties from taking on the burdens of challenging a subpoena in a far-away locale, so the court is inclined to think the second line of cases has it right. But the court need not weigh in because plaintiff's subpoena to Sedwick founders under either interpretation.

The subpoena to Sedwick identified a location in Milwaukee, Wisconsin as the place of compliance. Dkt. 44. Under the first line of interpretation, that would make the Eastern (not the Western) District of Wisconsin the proper venue for plaintiff's motion. But continuing the analysis, plaintiff may encounter additional problems under the second line of interpretation if it turns out that Milwaukee, Wisconsin is not a proper place under Rule 45(c)—i.e., "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."

Based on the record before it, the court does not have sufficient information to determine whether any place in Wisconsin respects the limits of Rule 45(c) as they apply to Sedwick. From the face of the subpoena, it appears Sedgwick has a location in Memphis, Tennessee, in the Western District of Tennessee. Dkt. 44 at 1. From the proof of service form, it appears Sedgwick has a registered agent in Madison, Wisconsin, suggesting it does some business in the State. *Id.* But without more, the court fails to see how this fact alone supports Wisconsin as a proper place of compliance under Rule 45(c).

Plaintiff has options. From the court's perspective, the most conservative approach would be to re-issue the subpoena to seek compliance within 100 miles of Sedgwick's known location and then bring an enforcement action in that respective district court, if needed.[1] But that is up for plaintiff to decide. As it stands, the court cannot find that it is the proper venue to resolve plaintiff's motion against Sedgwick, and thus it is denied without prejudice to its renewal along with a stronger showing that this district is the proper venue.

ORDER

IT IS ORDERED that:

1. Plaintiff's motions to compel, Dkt. 32 and Dkt. 42, are DENIED without prejudice.

Entered June 12, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

---

[1] That district court could transfer an enforcement action to this court under Rule 45(f).