IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DOUGLAS RAYBURN, II,

                Plaintiff,

  v.

APOGEE ENTERPRISES, INC., and
APOGEE WAUSAU GROUP, INC.,                      OPINION and ORDER

               Defendants,                              23-cv-744-jdp

  v.

RAYBURN FIRE SCENE
INVESTIGATIONS, INC.

                Third Party Defendant.

---

This case arises from the aftermath of a fire at the Linetec plant in Wausau, Wisconsin. One of the insurers retained plaintiff John Douglas Rayburn, II to investigate the cause and origin of the fire. During the inspection of the plant, a standpipe ruptured, spraying sulfuric acid and burning Rayburn. Rayburn has sued Apogee Wausau Group, Inc., the owner of the plant, and its parent company, Apogee Enterprises, Inc.

Apogee Enterprises moves to dismiss for lack of personal jurisdiction. Dkt. 14. Apogee Enterprises is a Minnesota corporation not registered to do business in Wisconsin. Its only connection to Wisconsin is that it owns Apogee Wausau Group. That's not enough to establish personal jurisdiction, unless Apogee Enterprises exercises an unusually high degree of control over its subsidiary. Rayburn has no evidence to show that. The court will grant Apogee Enterprises' motion to dismiss for lack of personal jurisdiction and dismiss Apogee Enterprises from the case.

FACTUAL BACKGROUND

On a motion to dismiss for lack of personal jurisdiction, the court may consider the allegations in the complaint and any evidence submitted by the parties. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Here, the court has Rayburn's amended complaint, Dkt. 10, and the declaration submitted by Apogee Enterprises explaining its corporate structure, Dkt. 7. "If material facts about personal jurisdiction are in dispute, the court must hold an evidentiary hearing to resolve them." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015) (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). The material facts are not disputed.

According to the declaration of its general counsel, Meghan Elliott, Apogee Enterprises is incorporated in Minnesota and its principal place of business is in Minneapolis, Minnesota. *Id.*, ¶ 2 and Dkt. 7, ¶ 3. Elliot also states that: (1) Linetec is a business division of Apogee Wausau Group; (2) Apogee Wausau Group is a wholly owned subsidiary of Apogee Enterprises; and (3) Apogee Enterprises' subsidiaries are separately incorporated, operated, and managed. *Id.*, ¶¶ 6–8.

In the face of Apogee Enterprises' evidence contesting personal jurisdiction, Rayburn was required to "go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003); *see also Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). Rayburn provides no evidence to rebut anything Elliott's declaration, so those facts are undisputed.

ANALYSIS

Rayburn bears the burden of establishing personal jurisdiction over Apogee Enterprises. *Felland*, 682 F.3d at 672. When the court rules on a motion to dismiss based on written materials, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Purdue Research Found.*, 338 F.3d at 782 (quoting *Hyatt Int'l Corp.*, 302 F.3d at 713).

Federal courts may exercise personal jurisdiction where a party would be amenable to suit under the laws of the state where the federal court sits, and where jurisdiction is consistent with the constitutional requirements of due process. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). The court can assert general personal jurisdiction over a defendant who has such systematic and continuous contact with the forum state that the defendant could be considered at home there, and the defendant would be subject to personal jurisdiction in that court for any claim. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Alternatively, the court may exercise specific personal jurisdiction based on a defendant's more limited contacts with the forum state, so long as those contacts are related to the claims in the lawsuit. *Felland*, 682 F.3d at 673.

Apogee Enterprises is a foreign corporation whose only possible contacts with Wisconsin are the activities of its subsidiary, Apogee Wausau Group, which operates the Linetec plant where Rayburn was injured.

A parent-subsidiary relationship alone is insufficient to establish either general or specific personal jurisdiction. The forum contacts of a wholly owned subsidiary are imputed to the parent corporation only when there is "an unusually high degree of control over" the subsidiary. *Purdue Rsch. Found.*, 338 F.3d at 788 n. 17. But the only evidence submitted by the

parties with respect to Apogee Enterprises' control over its subsidiary is Elliott's sworn statement that Apogee Enterprises does not manage the activities of its subsidiaries. Dkt. 7, ¶ 6.

Rayburn alleges in his complaint that Apogee Enterprises "exercised substantial and/or day-to-day direction and control over Linetec." Dkt. 10, ¶ 12. But in response to Apogee Enterprises's evidence, Rayburn was required to go beyond the pleadings and supply affirmative evidence. Rayburn cannot rely on the bare allegation that Apogee Enterprises is the operator of Linetec. *See Lightstream Inc. v. Atomic Prods., LLC*, No. 13-cv-0050-wmc, 2013 WL 617845, (W.D. Wis. Nov. 25, 2013) (citing *Taurus IP v. DaimlerChrysler Corp.,* 519 F. Supp. 2d 905, 918 (W.D. Wis. 2007)).

Rayburn's opposition brief also cites information from Linetec's website. Dkt. 20, at 2–4. (The court will overlook the Rayburn's failure to submit the website information in evidentiary form.) But the website materials establish only that Linetec is one of the brands ultimately owned by Apogee Enterprises. Nothing in the website materials contradict the facts in Elliott's declaration, which is that the Linetec plant is operated by Apogee Wausau Group, a wholly owned and separately managed subsidiary of Apogee Enterprises.

Rayburn has failed to make even a prima facie case that Apogee Enterprises has contacts with Wisconsin sufficient to exercise personal jurisdiction over it. The case will proceed against the Wisconsin subsidiary only.

## ORDER

IT IS ORDERED that defendant Apogee Enterprises, Inc.'s motion to dismiss for lack of personal jurisdiction, Dkt. 14, is GRANTED.

Entered August 21, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge