IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DOUGLAS RAYBURN, II,

                        Plaintiff,

    v.

APOGEE WAUSAU GROUP, INC.,                        OPINION and ORDER

                        Defendant,                                    23-cv-744-jdp

    v.

RAYBURN FIRE SCENE
INVESTIGATIONS, INC.

                        Third Party Defendant.

---

Plaintiff John Douglas Rayburn, II is suing defendant Apogee Wausau Group, Inc. to recover damages for injuries he sustained from being exposed to sulfuric acid while inspecting a fire at defendant's manufacturing plant.[1] Apogee contends that Rayburn's own negligence caused his injuries. Apogee also brought a third-party complaint against Rayburn's company, Rayburn Fire Investigations, Inc., alleging that the company's negligence in failing to train and supervise Rayburn contributed to his injuries. Trial is scheduled for May 14. This order addresses the motions in limine and several problems with Rayburn's exhibits.

---

[1] Rayburn's complaint also names several fictitious insurance companies as defendants. But Rayburn did not amend his complaint to identify the companies, so the court will dismiss them from the case.

ANALYSIS

A. Rayburn and Rayburn Fire's motions

   1. Rayburn motion for sanctions for failure to preserve video footage

Rayburn contends that Apogee failed to preserve footage from security cameras at the plant outside the area in which his injury occurred despite litigation being reasonably foreseeable immediately after his injury. Rayburn moves for sanctions under Federal Rule of Civil Procedure 37 based on Apogee's alleged failure to preserve relevant evidence. Specifically, Rayburn asks the court to preclude Apogee "from introducing evidence or argument that Mr. Rayburn was not burned by sulfuric acid, that Apogee's employees responded appropriately to the emergency, and that the defendant followed all safety protocols" and to provide a partial adverse instruction to the jury that Apogee failed to take reasonable steps to preserve available footage. Dkt. 86, at 12.

Rule 37(e) allows courts to impose sanctions for the failure to preserve electronically stored information that should have been preserved if a party had a duty to preserve it and (1) the opposing party was prejudiced by the loss of information or (2) the party in control of the information failed to preserve it with the intent of preventing another party from using it in litigation. A party has a duty "to preserve relevant information when litigation is reasonably foreseeable." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. But the duty to preserve information extends only to evidence that the party knew, or reasonably should have known, is relevant to the likely litigation. *See e.g. Mahaffey v. Marriott Int'l, Inc.*, 898 F. Supp. 2d 54, 60 (D.D.C. 2012).

There is no footage of Rayburn being injured because the camera in the room where his injury occurred was damaged in the fire and not working during the inspection. Rayburn asserts

2

that Apogee should have preserved all footage from the plant around the time of his injury, "including footage that would have depicted the timing of Mr. Rayburn's comings and going from the plant, the timing of his movement [] inside the plant both before, during, and following his sulfuric acid chemical burns, and the movement and timing of Apogee employees responding to his injuries" and footage that "arguably would have shown the immediate condition of Mr. Rayburn's clothing and skin burns during and following his injuries." Dkt. 86, at 10.

But Rayburn deposed Apogee's corporate representative on the topic of its surveillance system, who testified that at the time of Rayburn's injury, the only cameras at the plant other than the non-operational camera in the area where Rayburn was injured were monitoring the parking lot. Dkt. 96 (Wagner Dep. 13:15–22). There were no cameras showing the lobby, the conference room where Rayburn met with Apogee employees, the exits of the area where Rayburn was injured, or the wash stations that he used after sustaining his injuries. *Id.* (35:13–16, 37:9–20; 38:5–17). So the only footage available potentially shows Rayburn coming to and from the parking lot. Rayburn fails to explain the basis of his conclusory assertion that the footage "arguably would have shown" his condition immediately following the accident or otherwise address why footage from outside the plant would be relevant to this litigation. Even if the court assumed that there was footage from the parking lot, Rayburn does not identify how he was prejudiced by not having it. Rayburn states that the footage "could have been relevant to the day of Mr. Rayburn's injuries," but he does not explain how the missing footage could have helped his claim.

Rayburn does not contend that Apogee deliberately failed to preserve video evidence, and he has not identified any prejudice caused by Apogee failing to preserve video footage from

3

outside the area in which Rayburn was injured. So the court will deny Rayburn's motion for sanctions.

### 2. Rayburn motion in limine to exclude argument or evidence of comparative negligence

Rayburn moves to preclude Apogee from offering any argument or evidence concerning his comparative negligence because Apogee has not disclosed an expert witness to opinion on the standard of care applicable to fire investigators. The parties agree that Wisconsin law governs this issue.

Under Wisconsin law, "[e]xpert testimony is not generally required to prove a party's negligence." *Trinity Lutheran Church v. Dorschner Excavating, Inc.*, 2006 WI App 22, ¶ 26, 289 Wis. 2d 252, 269, 710 N.W.2d 680, 688. "[R]equiring expert testimony before a claim can get to the jury is an extraordinary step that should be ordered 'only when unusually complex or esoteric issues are before the jury.'" *Id.* (citing *City of Cedarburg Light & Water Comm'n v. Allis-Chalmers Mfg. Co.*, 33 Wis. 2d 560, 567, 148 N.W.2d 13, 16 (1967)).

The question of Rayburn's comparative negligence is not an unusually complex or esoteric issue for which a jury needs to hear expert testimony to comprehend whether he acted reasonably. Rayburn alleges that Apogee caused his injuries by failing to take reasonable steps to keep him safe during the inspection, including by failing to ensure that all sulfuric acid had been cleared from the piping in the site Rayburn was inspecting, to adequately warn him of the risk from hazardous chemicals, and to maintain an operable wash station near the place where he was injured. Dkt. 10, at 5–6. Apogee contends that Rayburn caused his own injuries by failing to follow the policies that he drafted for his own company concerning safety equipment and that he saw signs warning that there was acid in the area but chose to walk under an

4

obviously melted acid tank and inadvertently bumped into a pipe going to that tank. Dkt. 100, at 9–10. Said another way, Apogee's theory of comparative negligence is that any reasonable person on the scene would have been aware that there were dangerous chemicals and exercised appropriate caution not to touch things that could contain dangerous chemicals while in that area. Details about the warnings visible on the scene and the level of care that Rayburn used are ordinary actions that a jury can comprehend based on common knowledge.

An average layperson does not need to know the intricate details of fire inspection safety standards to decide Rayburn's alleged comparative negligence, which are whether Rayburn was aware of the obvious risk of dangerous chemicals and whether he acted reasonably in response to the risk. The court will deny Rayburn's motion to exclude evidence and argument about his comparative negligence.

### 3. Rayburn Fire motion in limine to exclude argument or evidence regarding the standard of care in fire investigations

Rayburn Fire moves to preclude Apogee from offering any argument or evidence concerning the standard of care that applies to fire scene investigations, contending that this issue requires expert testimony.

The court agrees that the industry standard applicable to fire investigation companies is outside the common knowledge of a jury and that Apogee would need expert testimony to argue that Rayburn Fire's policies did not meet the general standard of care for a fire investigation company. *See Faxel v. Wilderness Hotel & Resort, Inc.*, 113 F.4th 711, 716 (7th Cir. 2024) (holding that plaintiffs needed an expert to establish the defendant's duty of care in a case involving a water park's policies related to inspection, maintenance, and safety practices).

But Apogee does not contend that Rayburn Fire failed to adopt adequate inspection and safety protocols. Instead, Apogee contends that Rayburn Fire is liable for failing to supervise and train Rayburn because Rayburn was not following the company's policies. Apogee intends to introduce Rayburn Fire's policies and procedures as evidence that Rayburn's actions during the inspection were negligent. Apogee argues that a jury does not need to decide whether the policies met the industry standard for fire inspection safety to infer from Rayburn's failure to follow company policy that the company did not adequately supervise and train him.

Because Apogee has not offered expert testimony concerning the standard of care for fire inspection companies, the court will grant Rayburn Fire's motion to exclude evidence and argument on this topic. But whether Rayburn failed to follow his own company's policies and procedures is a different question than the standard of care for fire inspection companies. To be clear, Apogee may introduce Rayburn Fire's policies and procedures as evidence, and it is free to argue that Rayburn failed to abide by the policies he created for his company.

B. Apogee's motions in limine

1. **Evidence of subsequent remedial measures**

Apogee moves to exclude any evidence or argument about an email concerning requirements regarding personal protective equipment that it put in place following Rayburn's injury pursuant to Federal Rule of Evidence 407. Rule 407 provides that evidence of subsequent remedial measures is not admissible to prove negligence, culpable conduct, or the need for a warning or instruction.

Rayburn contends that evidence of Apogee's change in policy concerning personal protective equipment would not be used to prove liability. He contends that it would be used for other purposes, including "to prove that [Apogee] could have required a formal PPE policy

before Mr. Rayburn was injured," "to prove that [Apogee] did not have such a formal PPE policy in place at the time Mr. Rayburn was injured," and "[t]o prove that [Apogee] was aware of the risks of entering the fire-damages facility but failed to warn Mr. Rayburn at the time of his visit." Dkt. 107. Rayburn's arguments essentially admit that the purpose of introducing the email would be to prove that Apogee acted negligently when it failed to require that Rayburn wear personal protective equipment, or at a minimum warn him of the risks of entering the building without it. But this is the exact purpose barred by Rule 407.

The court will exclude evidence of subsequent remedial measures concerning personal protective equipment that Apogee put in place following Rayburn's injury.

### 2. Argument or evidence regarding non-operational cameras

Apogee moves to exclude any evidence or argument about the camera in the room where Rayburn's injuries occurred being non-operational. Rayburn opposes the motion for the same reasons that he raised in his motion for sanctions.

At the time of the fire, Apogees had video surveillance of the room in which the fire occurred. But following the fire, Apogee shut off power to that part of the plant, so there is no video footage of Rayburn's inspection of the fire-damages area. The fact that there was no video footage of Rayburn being injured is irrelevant to whether his injuries were caused by Apogee's alleged negligence. So the court will grant Apogee's motion to exclude argument concerning the non-operational cameras and lack of preserved video footage from the plant.

### C. Exhibits

Apogee objects to certain of Rayburn's exhibits as not timely produced in discovery. Dkt. 102 (objecting to exhibit Nos. 1, 11, and 13–16). It appears that the exhibits to which Apogee objects would have been responsive to its discovery requests, so the court is inclined to

exclude them as untimely. If Rayburn believes that the documents in question were timely produced, he should be prepared to explain his position at the final pretrial conference.

In addition, the court discovered in its initial review of the parties' exhibits that several of the exhibits on Rayburn's list appear to be extremely voluminous. Exhibit 1 is 5,753 pages and appears to be Rayburn's entire case file related to the fire. Exhibit 2 is a described as "Rayburn FSI Photographs" and is 193 pages, apparently comprising photographs of Apogee's plant. Exhibits 5, 6, and 7 appear to be the entire productions made by third parties that are respectively 557, 3,447, and 2,643 pages. And even though Rayburn's exhibit list separately lists exhibits 13, 14, and 15 as medical records that will be introduced by different witnesses, Rayburn uploaded one document with the file name "Exhibit 13 – 15 Medical Record" that says "Rayburn Exhibit 14" on every page.

Submitting a large collection of documents as one mass exhibit is unfair to the opposing side and can cause confusion during trial. It is unfair because it does not provide notice of which documents the party intends to offer into evidence. The court will not submit Rayburn's entire investigation case file and the claim files from third parties to the jury. This creates confusion at trial because the document that is submitted to the jury is not in the same form as it was presented on the exhibit list, requiring last minute renumbering of the exhibit and creating an opportunity for mistakes.

For these reasons, the court will require Rayburn to separate the mass exhibits into smaller exhibits in the same form that he intends to offer them at trial. All parties should review their exhibits and resubmit any that are not in the form in which the party intends to offer them at trial.

ORDER

IT IS ORDERED that:

1. The court rules on plaintiff John Douglas Rayburn, II's pretrial motions as follows:

    a. Rayburn's motion for spoliation sanctions, Dkt. 85, is DENIED.

    b. Rayburn's motion in limine to preclude argument of comparative negligence, Dkt. 88, is DENIED.

2. The court rules on defendant Apogee Wausau Gorup, Inc.'s motions in limine as follows:

    a. Apogee's motion to exclude evidence of subsequent remedial measures, Dkt. 73, is GRANTED.

    b. Apogee's motion to exclude evidence and argument concerning non-operational cameras, Dkt. 75, is GRANTED.

3. Third-party defendant Rayburn Fire Investigations, Inc.'s motion in limine to preclude evidence and argument concerning the standard of care in fire investigations, Dkt. 72, is GRANTED.

4. The parties may have until April 28 at noon to resubmit their exhibits and exhibit lists in the form they intend to offer them at trial.

5. Defendants ABC Insurance Company, DEF Insurance Company, ABC Corporation, and HIJ Insurance Company are DISMISSED.

Entered April 24, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge