IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DOUGLAS RAYBURN, II,

                                                         Plaintiff,
     v.

APOGEE WAUSAU GROUP, INC.,                                   OPINION and ORDER

                                 Defendant,                                     23-cv-744-jdp
     v.

RAYBURN FIRE SCENE
INVESTIGATIONS, INC.

                                Third Party Defendant.

---

This case is set for trial on May 14. This order addresses defendant Apogee Wausau Group, Inc.'s objections to certain exhibits. Specifically, Apogee Wausau objects that seven exhibits on plaintiff John Rayburn's revised exhibit list, Dkt. 113, were not timely produced in discovery and that one of the exhibits on the revised exhibit list is excluded by the court's order barring evidence of subsequent remedial measures. Because Rayburn was not prepared to address these objections at the final pretrial conference, the court gave him an opportunity to address Apogee Wausau's objections in writing. Dkt. 117.

Rayburn's sole argument in response to Apogee Wausau's timeliness objection is that the documents were not produced because they were not responsive to Apogee Wausau's discovery requests. The court disagrees and will exclude exhibit numbers 6, 199–202, 224, and 225. As for exhibit 206, it is excluded pursuant to the court's ruling on Apogee Wausau's motion in limine concerning evidence of subsequent remedial measures concerning personal protective equipment that Apogee put in place following Rayburn's injury, Dkt. 112, at 6–7.

ANALYSIS

**A. Exhibit numbers 6, 199–202, 224, and 225**

Rayburn implicitly concedes that he did not produce during discovery the seven exhibits Apogee Wausau objects to as untimely, and he does not contend that an exception would apply to Rule 37 sanctions for his failure to timely disclose them. The court concludes that each of these seven exhibits is responsive to Apogee Wausau's discovery requests and not timely produced as required by Rule 26.

Exhibit number 6 is a report from the Wausau fire department concerning the fire at the Linetec plant. It is responsive to Apogee Wausau's request for documents that describe or depict the state of the Linetec facility at the time of his injuries. Dkt. 125-2, at 3 (Request No. 9).

Exhibit numbers 199 through 202 are photographs showing Rayburn's injuries. Rayburn identified photographs of his injuries as relevant evidence in his initial disclosures under Rule 26.1, Dkt. 125-1, at 3 (listing photographs of "Mr. Rayburn's burns" as a category of documents in his possession), and Apogee Wausau requested production of all documents identified in Rayburn's initial disclosures, Dkt. 125-2, at 1 (Request No. 1).

Exhibit number 224 and 225 are medical records for treatment that Rayburn received following his injuries. Rayburn listed "medical records" as a category of documents in his possession in his initial Rule 26.1 disclosure. Dkt. 125-1, at 3. So these documents are responsive to Apogee Wausau's request for production of documents identified in that disclosure as well as in response to Apogee Wausau's request for documents related to Rayburn's request for damages, which specifically included a request for documents related to treatment required after his injury. Dkt. 125-2, at 1, 3 (Request Nos. 1 and 10).

B. **Exhibit number 206**

Exhibit number 206 is an email that Apogee Wausau sent third parties explaining that contractors would be required to wear certain personal protective equipment when in the area in which Rayburn was injured. This is evidence of subsequent remedial measures excluded by the court's order on the parties' motions in limine. Dkt. 112.

ORDER

IT IS ORDERED that exhibit numbers 6, 199–202, 224, and 225 are excluded as not timely produced under Rule 37 and exhibit number 206 is excluded under the court's ruling that plaintiff may not introduce evidence of subsequent remedial measures.

Entered May 8, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge